# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DON AYLING, | : |
| Plaintiff, | : CIVIL ACTION FILE NO. |
| | : 1:17-cv-04521-ODE-AJB |
| v. | : |
| ELLIOTT R. CROSSON, | : |
| Defendant. | : |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT & RECOMMENDATION

This matter has been submitted to the undersigned for consideration of Defendant Elliot Crosson's application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. The Court **GRANTS** Defendant's IFP request and **RECOMMENDS** that this matter be **REMANDED** to the Magistrate Court of Clayton County due to lack of subject matter jurisdiction.

## *I.     Introduction*

On October 19, 2017, Plaintiff filed a dispossessory proceeding against Defendant regarding of the premises at 8851 Wesley Place, Jonesboro, Georgia, 30238 ("the Property"), in the Magistrate Court of Clayton County, alleging that Defendant had failed to pay rent and seeking possession of the Property, past due rent of $890, and

AO 72A
(Rev.8/82)

rent accruing up to the date of the judgment at a rate of $10 per day. [Doc. 1-1 at 4].[1]
Service of process was accomplished on October 28, 2017. [*Id.*]. Defendant removed the action to this Court on November 11, 2017, contending that this Court has federal-question jurisdiction to hear this dispute based upon due process clause of the United States Constitution's Fourteenth Amendment. [*Id.* at 2].

## *II.    IFP Application*

Defendant lists monthly income of $800, comprised of gross monthly pay of $800, no debts, one dependent, minor children, and negligible assets and savings. [Doc. 1 at 1-3]. Defendant lists debts owed to him of $5,000. [*Id.* at 3]. Defendant lists monthly expenses of $900 in rent (as of 9/1/17), $200 in clothing, $500 in food, $300 in transportation, $54 in laundry and dry-cleaning, $200 in medical and dental expenses, $100 in entertainment, $200 in motor vehicle insurance, $45 in business expenses, and $290 in alimony payments, totaling $2,789. [*Id.* at 4-5]. He explains that he cannot pay the filing fee because "business is slow." [*Id.* at 5].

Pursuant to 28 U.S.C. § 1915(a), the Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and

---

[1] The Magistrate Court of Clayton County assigned the case No. 2017CM25679. [Doc. 1-1 at 4].

2

costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor." *Id.* § 1915(a). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Section 1915 is intended to provide indigent litigants with meaningful access to courts. *Adkins*, 335 U.S. at 342-43; *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system.").

Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship. *Startti v. United States*, 415 F.2d 1115, 1116

---

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

3

(5th Cir. 1969).[3] Moreover, while the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984); *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968).

Assuming the facts asserted by Defendant in the IFP are true, Defendant's monthly expenses exceed monthly income. [Doc. 1 at 1-4]. The Court, however, suspects that the financial affidavit is not correct or incomplete in material respects. For example, Defendant reports rental expenses, [*id.* at 4], while simultaneously removing a state dispossessory and suit for back rent. As a result, the Court doubts that the current financial affidavit is an accurate report of Defendant's current financial condition.

Be that as it may, the nature of the underlying state court action reflects that Defendant is in imminent threat of being evicted for a relatively small past-due balance,

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

4

indicating that Defendant in fact cannot afford to pay the fees and costs associated with commencing this removal action in this Court.

Accordingly, Defendant's IFP application, [Doc. 1], is **GRANTED** for purposes of this action only.

## III. *Frivolity/Subject-Matter Jurisdiction Determination*

Having found that Defendant may proceeding IFP, the Court must now conduct a frivolity review. Under 28 U.S.C. § 1915(e)(2)(B), a "district court must dismiss an *in forma pauperis* complaint at any time if it determines that the action 'is frivolous or malicious.' " *Jackson v. Farmers Ins. Group/Fire Ins. Exchange*, 391 Fed. Appx. 854, 856 (11th Cir. Aug. 12, 2010) (quoting § 1915(e)(2)(B)(i)); *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, \*1 (M.D. Ala. Aug. 10, 2007) (observing that court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune"); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)); *see also Neitzke*, 490 U.S. at 325 (holding that a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). "A case is frivolous

5

if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory. *Jackson*, 391 Fed. Appx. at 856 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)) (quotation marks omitted in original). Additionally, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint is deemed "frivolous" under § 1915 where there is no subject matter jurisdiction. *Davis v. Ryan Oaks Apartment*, 357 Fed. Appx. 237, 238-39 (11th Cir. Dec. 17, 2009); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking).

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding IFP, the Court also has an obligation to insure that subject matter

6

AO 72A
(Rev.8/82)

jurisdiction exists. " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 561 U.S. 247, 254 (2010)). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 586 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.* ("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

The Court must liberally construe *pro se* pleadings, holding them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). However, the leniency afforded *pro se* litigants does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *Hudson v. Middle Flint*

7

*Behavioral Healthcare*, 522 Fed. Appx. 594, 596 (11th Cir. June 20, 2013) (citing *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Moreover, "[l]iberal construction has its limits . . . and this court may not rewrite an otherwise deficient [pleading] in order to create jurisdiction." *In re Davis*, 237 B.R. 177, 181 (M.D. Ala. 1999) (citing *GJR Inv., Inc.*, 132 F.3d at 1369; *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Thus, a district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the *plaintiff's* claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (emphasis added). Said another way, removal is proper if the *plaintiff's* case originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While a defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a), a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted).

8

Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

Defendant's petition for removal alleges that the state dispossessory action "is Unconstitutional with respect to 'Due Process Clauses' 14th Amendment." [Doc. 1-1 at 1-2]. The Court also notes that, on the civil cover sheet, Defendant indicated that

9

AO 72A
(Rev.8/82)

removal was based upon federal question jurisdiction, [Doc. 1-2 at 1], and that both parties are citizens of the state of Georgia, [*id.*, Doc. 1-1 at 2]. Therefore, given Defendant's *pro se* status, the Court will discuss if either federal-question or diversity-of-citizenship jurisdiction supports removal.

### A. *Federal-question jurisdiction*

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."); *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot

10

be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998); *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid."). The removing defendant bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Plaintiff's complaint asserts no more than claims for dispossession and back rent, decidedly state-law claims. *See Nguyen v. Cade*, No. 1:16-CV-01076-TWT-AJB, 2016 WL 3023884, at *3 (N.D. Ga. Apr. 7, 2016) (R&R), *adopted at* 2016 WL 2998003 (N.D. Ga. May 25, 2016); *see also CF Lane, LLC v. Bynum*, No. 1:14-cv-2167-WSD, 2014 WL 3397627, at *2 (N.D. Ga. July 11, 2014) ("Plaintiff's Complaint is a dispossessory warrant which is based solely on state law."); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("[T]he dispossessory claim that forms the basis of this action is exclusively a matter of state law.") (Batten, J.).

11

To the extent that Defendant is trying to assert as a defense that Plaintiff did not comply with the United States Constitution as noted above, a federal question presented as a defense is not a proper basis for removal of a complaint. *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 766 n.20 (11th Cir. 2010); *Kemp*, 109 F.3d at 712 ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid."). Since any potential federal law issues are related only to Defendant's alleged defenses, no federal law is an essential element of Plaintiff's state law claims. As a result, there is no federal-question subject-matter jurisdiction supporting the removal and, therefore, the undersigned **RECOMMENDS** that the District Judge **REMAND** it to Clayton County.[4]

---

[4] The Civil Cover Sheet also alleges "Racial and Housing discrimination, Not treating tenants fair." [Doc. 1-2 at 1]. The Civil Cover Sheet is not part of the removal petition, and allegations on the Civil Cover Sheet are not part of the removal petition. *See Shaver v. Astrue*, 783 F. Supp. 2d 1072, 1078 (N.D. Iowa 2011) ("A civil cover sheet 'is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers.'") (quoting *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam)); *Crowe v. Lynch*, No. 08 cv 2171 JM (JMA), 2009 WL 250913, at *1 n. 3 (S.D. Cal. Jan. 30, 2009) ("The court notes the Civil Cover Sheet does not form part of the Complaint. All Rule 8 requirements must be met through the Complaint itself."); Fed. R. Civ. P. 7 (defining pleadings to include, *inter alia*, complaint but not civil cover sheet). Thus, the Court

AO 72A
(Rev.8/82)

### B. *Diversity-of-citizenship jurisdiction*

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Because the relevant inquiry on whether removal is proper is whether the case could have originally been brought in district court, the Court looks to the plaintiff's complaint to determine if removal was appropriate. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Counterclaims should not be considered in the calculation of the amount in controversy in a removal action because they are not a part of the plaintiff's complaint. *First Guar. Bank & Trust Co. v. Reeves*, 86 F. Supp. 2d 1147, 1153 (M.D. Fla. 2000); *Conference Am., Inc. v. Q.E.D. Int'l, Inc.*, 50 F. Supp. 2d 1239, 1241–43 (M.D. Ala. 1999) (counterclaims cannot be considered in determining whether the amount in controversy requirement has been met). The sufficiency of the amount in controversy is measured at the time of filing of the complaint. *Travelers Ins. Co. v. Greenfield*, 154 F.2d 950,

---

ignores this entry on the Civil Cover Sheet. *Davis v. Signius Inv. Corp./Answernet*, No. 1:12-CV-04143-TWT-AJB, 2013 WL 1339758, at *3 (N.D. Ga. Feb. 26, 2013) (R&R), *adopted*, No. 1:12-CV-4143-TWT, 2013 WL 1339751 (N.D. Ga. Mar. 29, 2013). Even if, in construing Defendant's removal petition liberally, the Court considered the allegation on the Civil Cover Sheet, that allegation still does not give rise to the ability to properly remove this action, for the grounds stated in the text.

13

AO 72A
(Rev.8/82)

952 (5th Cir. 1946); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 293 (1938) (amount in controversy is judged at the time of filing; subsequent events will defeat jurisdiction only if they show the plaintiff lacked good faith in claiming the higher amount at the time of filing); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997).

The activity about which Plaintiff complains appears to be a garden-variety action to regain possession of a premises and for back rent. [*See* Doc. 1 at 3]. A dispossessory proceeding is a dispute over the limited right to possession, and not a dispute over ownership. *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (Pannell, J.) *aff'd*, 35 Fed. Appx. 858 (11th Cir. Apr. 16, 2002). Thus, "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land." *Id*. Plaintiff has neither argued, nor provided any information indicating that the value of its right to possession of the Property exceeds $75,000. Nor is there an indication that the amount of back rent equals or exceeds the statutory amount in controversy. Thus, Defendant's removal of Plaintiff's complaint on the basis of diversity of citizenship is invalid because the amount in controversy as reflected in Plaintiff's complaint does not exceed $75,000.

14

AO 72A
(Rev.8/82)

Even if the amount in controversy exceeded $75,000, Defendant's removal is not supported by diversity of citizenship jurisdiction because, according to Defendant's civil cover sheet, both Plaintiff and Defendant are citizens of Georgia, and thus there is no diversity of citizenship. [Doc. 1-2 at 1.]. As a result, removal on the basis of diversity jurisdiction also is not supported.

## IV.  *Conclusion*

For the reasons stated above, the undersigned **GRANTS** Defendant's application to proceed IFP, [Doc. 1], and **RECOMMENDS** that the action be **REMANDED** to the Magistrate Court of Clayton County.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this the 13th day of November, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

15